DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JERMAIN TAVIAS CARTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4029

[April 29, 2015]

### ON MOTION FOR REHEARING AND CLARIFICATION

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; George Shahood, Senior Judge, and William L. Roby, Judge; L.T. Case No. 432010CF001415AXMX.

Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

We deny appellant's motion for rehearing and clarification, withdraw our previously issued opinion, and substitute the following in its place.

The appellant challenges his convictions and sentences for nine counts of sale or delivery of cocaine, arguing that the court should have granted his motion to sever the counts. We agree and reverse and remand for further proceedings.

On appeal, the state argues that there was a sufficient connection between the offenses because all of the transactions involved the same buyer, who purchased cocaine from the appellant almost every day over a period of ten days. Additionally, the state argues joinder was proper because the appellant confessed to the sales in one recorded statement.

We find no significant difference between this case and *Dupree v. State*,

705 So. 2d 90 (Fla. 4th DCA 1998).  *Dupree* also involved a series of drug sales occurring "during the course of an 'ongoing investigation,' within a limited period of time, and in a limited geographical area."  *Id.* at 97.  We held, absent any other connection, joinder was error under such circumstances.  *Id.*  We also reject the state's argument that joinder was proper where the sales were to the same buyer.

Turning to the issue of whether the error was harmless, the state contends that the evidence of the other counts would have been admissible in a trial as to each count.  We disagree.  On this record, the evidence as to each count did not constitute *Williams*[1] rule evidence, nor was it relevant as inextricably intertwined evidence.

*Reversed and remanded for new trial.*

WARNER and GROSS, JJ., concur.

*  *  *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] *Williams v. State,* 110 So. 2d 654 (Fla. 1959).