# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**CHRISTOPHER DONNELL WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-578

[December 2, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562016CF002393A.

David M. Lamos, Law Offices of David M. Lamos, Fort Pierce, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

### *ON APPELLANT'S MOTION FOR REHEARING*

GERBER, J.

We deny appellant's motion for rehearing on the merits, but otherwise treat the motion as seeking a written opinion, which we grant. We substitute this written affirmance for the per curiam affirmance without opinion which we issued on October 8, 2020.

The defendant appeals from the circuit court's order denying his amended motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The defendant's amended motion raised twelve grounds, all of which the circuit court found did not entitle the defendant to relief. In this appeal, the defendant challenges only the circuit court's denial of amended grounds eight, eleven, and twelve.

We affirm without discussion the circuit court's denial of amended grounds eight and twelve. We write solely to address amended ground eleven, the denial of which we also affirm.

### *Procedural History*

Following a series of controlled drug buys, the state charged the defendant with six counts of sale or delivery of heroin (Counts 1-6), six counts of possession of heroin (Counts 7-12), six counts of unlawful use of a two-way communications device (Counts 13, 15-19), and one count of driving without a valid driver's license (Count 14). The state alleged the offenses occurred on six different dates.

All of the offenses were tried before a single jury in one trial. The jury found the defendant guilty on counts 1, 2, 7, 8, 13, 14, and 15, and not guilty on the remaining counts. The following table shows the dates when each count allegedly occurred and the convictions:

| Date | Counts | Conviction |
|---|---|---|
| August 12, 2016 | 1, 7, 13 | Yes |
| August 15, 2016 | 2, 8, 15 | Yes |
| August 16, 2016 | 3, 9, 16 | No |
| August 17, 2016 | 4, 10, 17 | No |
| August 18, 2016 | 5, 11, 18 | No |
| August 19, 2016 | 6, 12, 14, 19 | Yes: ONLY Count 14 |

On direct appeal, we issued a per curiam affirmance without opinion. *Williams v. State*, 244 So. 3d 1083 (Fla. 4th DCA 2018).

In ground eleven of the defendant's amended rule 3.850 motion, he argued trial counsel was ineffective for failing to move to sever the alleged offenses which occurred on different days for separate trials before different juries. The defendant relied on, among other cases, *Dupree v. State*, 705 So. 2d 90 (Fla. 4th DCA 1998), and *Carter v. State*, 179 So. 3d 341 (Fla. 4th DCA 2015), both of which involved the sale of drugs on different days. 705 So. 2d at 97; 179 So. 3d at 341. We held the respective trial courts erred in denying the defendant's motion to sever the counts because each transaction was a separate offense, 705 So. 2d at 97, regardless of whether the sales were to the same buyer, 179 So. 3d at 341.

2

As we reasoned in *Dupree*, "Courts have recognized that the danger of improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other." 705 So. 2d at 95.

The state responded here that even if the defendant's trial counsel fell below an objective standard of reasonableness by not moving to sever the offenses for separate trials before different juries, the defendant was not prejudiced, because the jury did not convict him of every offense. The state noted that the jury convicted the defendant of the drug-related offenses occurring only on August 12 and 15, both of which were the only days with corroborating video and audio recording evidence. Those recordings were played for the jury, and the confidential informant identified the defendant in the recordings.

On the other days, recordings were not taken. On August 16, the recording cellphone had no service and was faulty. On August 17, the confidential informant was utilizing a button camera on his shirt, but was forced to leave his shirt outside because the defendant saw the camera. On August 18, the confidential informant was told to leave his shirt and cellphone outside of where the alleged transaction occurred. On August 19, the defendant patted the confidential informant down and again made him leave his shirt and cellphone outside. The driving with a suspended license occurred on August 19, but a detective provided direct testimony that he saw the defendant driving.

According to the state, "[g]iven that the jury's verdict here demonstrates a careful consideration of the evidence and found [the defendant] guilty of only offenses committed on certain dates, the concerns expressed in … *Dupree* aren't present here."

In denying ground eleven, the circuit court "adopt[ed] the State's reasoning in finding no prejudice where the Defendant was acquitted on four drug sale dates."

### *This Appeal*

This appeal followed. The denial of a motion for ineffective assistance of counsel is reviewed under "a mixed standard of review, deferring to the circuit court's factual findings that are supported by competent, substantial evidence, but reviewing the circuit court's legal conclusions de novo." *Lukehart v. State*, 70 So. 3d 503, 512 (Fla. 2011).

3

To demonstrate ineffective assistance of trial counsel, the defendant must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

On the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, the circuit court's factual findings, as adopted from the state's response discussing the jury's verdict as compared to the evidence, are supported by competent, substantial evidence in the record. We also agree with the circuit court's legal conclusion that even if the defendant's trial counsel fell below an objective standard of reasonableness by not moving to sever the offenses for separate trials before different juries, the defendant was not prejudiced. The jury convicted the defendant only for the drug-related offenses in which he was directly recorded participating in the transaction. The jury does not appear to have been influenced by the non-recorded alleged transactions, even where the confidential informant and detectives testified that he participated in those alleged transactions, because the jury acquitted him of those alleged offenses. Thus, the defendant has not shown a reasonable probability sufficient to undermine confidence in the outcome that, but for the failure to sever the offenses, the result of the proceeding would have been different.

*Affirmed.*

LEVINE, C.J., and WARNER, J., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

4